UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F STREET, N.E.
WASHINGTON, D.C. 20549-9040

OFFICE OF THE
GENERAL COUNSEL

STEPHEN G. YODER
202-551-4532

May 4, 2026

VIA CM / ECF

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re: *Doe v. SEC,* No. 25-1152 (to be argued May 5, 2026)

Dear Mr. Cislak:

The Commission respectfully submits this response to petitioner John Doe's letter under Federal Rule of Appellate Procedure 28(j) concerning this Court's recent decision in *John Doe v. SEC*, No. 23-1124 (D.C. Cir. May 1, 2026). As Doe observes, this Court's decision acknowledged that a claimant's "submission of information *to the Commission*" is considered voluntary if the same information was voluntarily provided to one of several designated authorities *before* the claimant received an inquiry from the Commission. Ltr. 1; *Doe*, No. 23-1124, slip op. 4-5, 9 (emphasis added). On this basis, Doe argues "that the word 'provided' naturally encompasses indirect delivery, at least via 'proxy' agencies who routinely share information and referrals with the Commission"—including the Other Agency here. Ltr. 2. But nothing about this Court's discussion of the voluntary requirement—which explicitly permits provision of information to other agencies in addition to the Commission—informs the interpretation of the separate statutory "led to" requirement, which only references information "provided . . . *to the Commission*."

Moreover, this Court's decision belies Doe's repeated suggestion (*e.g.*, Br. 1-3) that the Commission's interpretation of the "led to" requirement would improperly discourage individuals from reporting

wrongdoing to the media. There, this Court rejected a claimant's First Amendment challenge to the exclusion of media reports from the "voluntarily" rule. *Id.* at 16-17. In so doing, the Court emphasized that the claimant's award was denied because he failed to "voluntarily" tell the Commission, not because he told the press: "Nothing in the statute or rules prevented [the claimant] from doing both at the same time or telling the Commission first, and then the press." *Id.* Similarly, nothing here prevented Doe from reporting to the Commission either first, or at the same time he reported to the press and to the Other Agency, or (at the very least) when the Other Agency staff informed him of the Commission's whistleblower program.

Respectfully submitted,

/s/ Stephen G. Yoder
STEPHEN G. YODER
Senior Appellate Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system, which will effectuate service on all registered CM/ECF users, including counsel for petitioner.

/s/ Stephen G. Yoder
STEPHEN G. YODER
Senior Appellate Counsel

Dated: May 4, 2026